*In re* APPLICATION OF COUNTY TREASURER OF COOK COUNTY.—(EDWARD J. ROSEWELL, County Treasurer, Applicant-Appellee, *v.* ALBERT H. MILSTINE, Objector-Appellant.)

First District (3rd Division)   No. 62700

Opinion filed March 2, 1977.

Prins, Flamm & Susman, Ltd., of Chicago (Arnold M. Flamm and Frank A. Edelman, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Jerrold H. Mayster, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

After Albert H. Milstine, objector-appellant (hereinafter Milstine), had completed presentation of his case in a real estate tax valuation objection proceeding the court granted the motion of Edward J. Rosewell, county treasurer and ex-officio county collector of Cook County, respondent-appellee (hereinafter County Collector), and dismissed the case for want of jurisdiction. Milstine appeals from that order of dismissal contending that the court erred in ruling that it lacked jurisdiction to entertain a 1972 real estate tax valuation objection without prior payment of all taxes for the year.

Milstine paid the first installment of his 1972 taxes on a parcel of land in Cook County on July 2, 1973, the date that installment was due. At that time he received from the county collector a receipted copy of his "Notice of Payment under Protest." The second installment was due September 1, 1973, but Milstine neither paid the second installment nor filed a notice of protest at that time. On December 7, 1973, Milstine filed his objection to the county collector's application for judgment and order of sale which had been entered that same day. On December 12, 1973, Milstine paid the tax due on the second installment and filed a "Notice of Payment Under Protest."

Milstine appeals from the order of dismissal, contending that the late payment of the second installment of the 1972 tax, after filing of the objection and after entry of judgment on the county collector's application, does not deprive the circuit court of jurisdiction to order a refund of excessive tax with respect to the first installment which was paid and protested in a timely manner.

The narrow issue presented to this court depends for its resolution upon the construction of the first sentence of the second paragraph of section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 675) which reads as follows:

> "If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax *for any year,* * * * he shall first pay *all of the tax installments due,* and such payment shall be accompanied by a writing, substantially in the following form:
> Payment under protest.
> * * *." (Emphasis added.)

The county collector maintains that the quoted language means that all the tax installments for any year are due and payable prior to date of filing the objection to any part or all of a real property tax for that year. In

other words *all* the taxes *for the year* must be paid before the court may give consideration to an objection.

Milstine argues that the language is ambiguous and that the "tax installments due" refer to any tax installment due as of the date upon which a particular installment is actually paid, thus allowing him to protest and object to the first installment of the tax even though he concedes he is not in a position to object to the second installment which was paid and protested after the objection was filed.

In support of his contention Milstine offers a detailed legislative history of section 194. In the interest of brevity let it suffice to say that prior to 1933 the Revenue Act of 1872 contained no authorization for payment of taxes under protest. The taxpayer simply withheld payment of tax and then filed a defense to the collector's application for judgment and order of sale. The court was required to "hear and determine the matter in a summary manner." (Ill. Rev. Stat. 1931, ch. 120, par. 209.) Effective in 1933 at least 75% of the annual tax had to be paid under protest before an objection was proper. (Ill. Rev. Stat. 1933, ch. 120, par. 180.) This provision was amended in 1957 to provide that the objector "shall first pay the tax." (Ill. Rev. Stat. 1957, ch. 120, par. 675.) Milstine agrees that this meant that the entire year's tax had to be paid prior to objection. This language was again amended in 1961 to read " * * * he shall first pay all of said tax *installment* due * * *." The county collector and Milstine agree that singular form of installment was an error which was corrected in 1963 to read "said *installments* due." In 1967 the phrase was again corrected to read "the tax installments due." Milstine argues however, that the rational for the 1961 amendment was a desire on the part of the General Assembly to relieve taxpayers of the obligation to pay *all* the tax for the year as a condition precedent to their right to file an objection and further that the 1963 and 1967 amendments were nonsubstantive.

We do not view the legislative history as evincing an intention to provide a procedure whereby the taxpayer might protest the tax assessment while paying less than all the yearly tax. As we read the legislative history and a plain reading of the statute we draw the conclusion that all of the tax installments for the year must be paid before the court may consider any objection.

The dismissal of the objection is affirmed because Milstine failed to meet the statutory requirement precedent of paying all tax installments which had been due prior to the filing of his objections.

Affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.